The City of Davenport v. Mitchell.

---

## THE CITY OF DAVENPORT v. MITCHELL.

1. SUPPLEMENTAL PLEADING. In an action on a promissory note the defendant answered, alleging that the maturity of the note sued on was, by the contract of the parties, made contingent upon the payment of certain other notes, made by the payee to a third party, upon which the defendant was liable as an indorser, whereupon the plaintiff filed a supplemental petition, in which it was alleged, that after the commencement of the action the note upon which defendant was so liable as an indorser was paid, and his liability discharged: *Held*, that a demurrer to the supplemental petition was, under § 2968, Rev. of 1860, properly overruled.

*Appeal from the Scott District Court.*

TUESDAY, OCTOBER 13.

SUIT on two promissory notes, the execution and delivery of which are admitted by defendant in his answer, but he pleads in bar to plaintiff's recovery, an agreement to the

effect that said notes were not to become due and payable until he, the said defendant, should be released from his liability, as indorser, upon certain notes which had been given by the plaintiff; alleging that said last named notes had not been paid, nor had he been discharged from liability thereon.

Afterwards, with leave of the Court, the plaintiff filed a supplemental petition, alleging that since the commencement of the suit, the city had fully paid off all the notes indorsed by defendant. To this supplemental petition the defendant demurred, because it showed, as it was alleged, that the cause of action did not accrue till after suit brought. This demurrer was overruled, and the defendant, standing thereon, appealed, and now insists that such overruling was erroneous.

*Putnam & Rogers* for the appellant.

*D. L. Shorey* for the appellee.

LOWE, J.—The particular point made in the argument of appellant was, that the written agreements set out in the record, entered into by the plaintiffs, whereby it was stipulated that the defendant's notes were not to become due and payable until he was released as indorser upon the liabilities of the city, were of the same date of the notes sued, and constituted a part of the same contract, and as his liability for the city debts still existed at the commencement of the suit, no cause of action had accrued against him in favor of the city; and that whatever else the plaintiff might do by a supplemental petition, under the provisions of § 2968, Rev. of 1860, it was not competent for him to set up thereon a cause of action accrued after suit brought. It strikes us that the argument is more specious than sound. What were the new and material fact or facts, which had transpired since the filing of the original petition, and which

had been set out in the supplemental petition? Simply that since the commencement of the suit, the plaintiff had paid off the notes on which the defendant was indorser, and that he, the said defendant, had been fully discharged from all liability thereon. Now it was not this release of the defendant's liability for plaintiff's debts that constituted the cause of action. This liability however, under the agreement, whilst it existed, was an obstacle in the way of the plaintiff's recovery upon the cause of action set out in his original petition : that cause of action was his own indebtedness to the plaintiff, founded upon notes, due upon their face, given for a preëxisting debt, to wit, taxes due from him to the city; the defendant's liability as indorser as aforesaid was an extrinsic fact, distinct from his own indebtedness, and the cancellation of which was the matter set up in the supplemental petition, for the purpose of showing plaintiff's right to recover, not upon any cause of action set up in said supplemental petition, but upon the cause of action set forth in the original complaint. Under the circumstances of the case we do not see why the petition demurred to was not authorized by the provisions of § 2968 of the Revision, which reads as follows :

"Either party may be allowed on motion to make a supplemental petition, answer, or reply, alleging facts material to the case, which have *happened*, or which have come to his knowledge since the filing of the former petition, answer, or reply, nor shall such new pleading be considered a waiver of former pleadings."

While, therefore, the Court in overruling the demurrer to the supplemental petition came to the level and reflected the true object of the above provision of the Code, it was also fully justified by the ruling of this Court in the case of *Seevers, Adm.*, v. *Hamilton et ux.*, 11 Iowa, 66. It is further to be remarked, that the costs which have accrued up to the filing of the supplemental petition were charged to

the plaintiff, and the cause continued for trial for one term thereafter.

Affirmed.