## ORTON VS. NOONAN & McNAB.

*Statute to change common law must clearly show that intent. Counter-claim, to be available, must have existed when suit commenced. Supplemental answer.*

1. A statute to abrogate or change any rule or principle of the common law, must be clearly expressed, so as to leave no doubt of the legislative intent.

2. There is nothing in our statute concerning counter-claims (R. S., ch. 125, sec. 11), which indicates clearly an intention to depart from the common law principle, that a cause of action, whether set up by plaintiff or defendant, must be one existing when the suit was commenced; although that restriction is not *expressed* in subd. 1 of said section 11.

3. Whether an *equitable* counter-claim, arising, since the commencement of the action, out of the contract or transaction set forth in the complaint, may be set up by a supplemental answer, it was not necessary to decide in this case.

4. In an action on a lease, for rents, the defendants cannot, by supplemental answer, set up as a counter-claim or set-off to rents due when the action was commenced, damages or breaches of the lessor's covenants, which have accrued *since* the commencement of the action.

APPEAL from the County Court for *Milwaukee* County.

This action was brought in 1865, to recover the rents due from November, 1852, to January 8, 1865, for water furnished the defendants from plaintiff's water-power, under a lease or contract executed January 8, 1851, between the defendants and the plaintiff's assignors. This lease was for the term of four years, but contained a provision for an extension for the term of ninety-nine years, in case the lessees should signify their wish to have it so extended ; also covenants on the part of the lessors to raise and keep in repair their dam from which the water was supplied to defendants, and to supply them with an additional quantity of water upon their signifying their wish therefor ; and other covenants and provisions not important to be noticed here.

The defendants answered to so much of the complaint as related to rent up to November 8, 1855, and demurred to so much as demanded rent for ten years ending January 8, 1865. The

circuit court sustained the demurrer, but its decision was reversed by this court on appeal (27 Wis., 272), although the judges differed in opinion as to the construction to be put upon the provision for an extension. In September, 1871, the defendants, by leave of court, put in a further or amended answer to the entire complaint, wherein, as a seventh defense and counterclaim, they set up damages for breaches of the covenant in the lease to repair the dam, occurring prior to the commencement of the action. A demurrer to a defense in the plaintiff's reply was heard and decided at the November term of the circuit court, and immediately afterward the defendants moved for leave to set up, by supplementary or amended answer, breaches of the covenant to repair and the failure of the plaintiff to keep the dam in repair after the action was commenced, and in 1866.

This motion was denied; and the defendants appeal from the decision thereon.

*Jason Downer*, for appellant, argued that a claim for damages arising out of the contract or transaction specified in the complaint, might properly be set up as a counter-claim, under subd. 1, sec. 11, ch. 125 R. S., whether it existed at the time the action was commenced or not. Subd. 2 of that section applies only to claims existing at the commencement of the action; but subd. 1 contains no such limitation. Such a construction would harmonize that provision of the Code with the provisions of the R. S. previously existing in respect to set-offs, and also with the doctrine of equitable set-offs, which allowed such defenses, occurring after the commencement of the action and *before answer*, to be set up in the answer. 2 Edw. Ch., 110; 2 How. Pr. 414; *Willis v. Chipp*, 9 id., 568.

The last answer is the *only* answer to that part of the complaint, and might, therefore, properly be considered the *first* answer thereto, and the defendants might have set up in it all that they now ask to set up by amendment.

This claim for damages constitutes an equitable defense or

cause of action, sufficient to have sustained a cross-bill under the practice before the Code, and the defendants are entitled, under the first subdivision of section 11, to all the relief which they could have had on the same state of facts under a cross-bill. *Gleason v. Moen*, 2 Duer, 642; *Akerly v. Vilas*, 21 Wis., 88; Story Eq. Pl., 389–391, etc. ; *Taylor v. Tytus*, 2 Edw. Ch., 135; *White v. Bullock*, 3 id., 453 ; Daniels Ch. Pr., 1647, etc.

If the lease was either extended 99 years by the notice given by the defendants, or was continued in force from year to year by their remaining in possession after their term had expired, the covenant to repair remains in full force, and the defendants should have been allowed to set up these damages arising out of the contract set up in the complaint before the last answer was put in, as a counter-claim, either by amended or by supplemental answer, a good excuse for not presenting them earlier being shown. *De Young v. Buchanan*, 10 Gill & Johns., 149 ; *Phillips v. Monges*, 4 Whart., 226.

If the defendants were in possession under the covenant to extend the lease, the plaintiff, although he had broken that covenant, would in equity be liable, so long as such possession continued, for damages for not keeping the dam in repair.

*J. J. Orton*, respondent, in person, contended that matter occurring after the commencement of the action could not be set up either as a set-off or as a counter-claim. R. S., ch. 126, sec. 1 ; ch. 125, sec. 11 ; Voorhees' Code, 1867, p. 292, *a*, and cases cited ; 31 Barb., 636 ; 27 id., 79 ; 8 How. 337 ; 13 id., 248 ; 2 Abb. Pr. R., 266 ; 10 id., 362 ; 11 id., 213. A supplemental answer is not allowed for setting up counter-claims or set-offs arising subsequent to the commencement of the action. R. S., ch. 125 sec. 41. These were not material to the action, did not occur after the former answer, and were not then unknown to the defendants. Neither can they be set up by way of amendment, because an amendment must be confined to the case made. The proposed counter-claims arise on contract, and the action also arises on contract.

DIXON, C. J.    The sole question on this appeal is, whether, in an action on a lease by the landlord to recover rent, the defendants, the lessees, should, by supplemental answer, be permitted to bring into the action and set up by way of counterclaim or set-off to the rents due, or claimed to be when the action was commenced, damages claimed to have been sustained by them by reason of certain alleged breaches of the covenants of the lease on the part of the plaintiff, accruing *after the commencement of the action,* and before the supplemental answer was filed.    It is insisted that this is a valid counterclaim under subdivision 1 of section 11, ch. 125, R. S., (2 Tay. stats., 1440, § 11). Subdivisions 1 and 2 of that section read as follows :

" 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

" 2. In an action arising on contract, any other cause of action, arising also on contract and existing at the commencement of the action."

It is argued, as the second subdivision specifies and applies only to counterclaims *existing at the commencement of the action,* and as there is no such express limitation as to those under the first subdivision, that we may reasonably infer that such counterclaims as the first provides for, embrace and were intended to include all arising out of the contract or transaction set out in the complaint, either *before or after* the commencement of the action, even up to the time of trial.    The whole force of this argument is derived from the absence in the first subdivision of any such words of limitation as are found in the second.    It is argued that the mere omission of such words indicated an intention to include a cause of the kind mentioned in the first subdivision which may have arisen *after* the action was commenced.    If, by the rules of law and practice as they existed before the enactment of the statute, it was well settled that such a cause of action was not the proper subject of counterclaim or set-off, then we think it would be very unsafe, upon

this ground alone, to construe the statute as having abrogated or changed those rules. The maxim of construction is familiar, that a statute to abrogate or change any rule or principle of the common law, must be clearly expressed so as to leave no doubt of the intention of the legislature. Repeals or changes by implication are not favored.

Now, by the principles of the common law and the rules of practice as they existed before this statute was enacted, we believe it was well settled that no cause of action could be brought forward or made the basis of recovery in any suit, unless it existed in a perfectly actionable form at the time the suit was commenced. This principle is elementary, and in exemplification of it we need only refer to *McCollough v. Colby*, 4 Bosw., 603. We have another provision of the code intimately connected with this, and under which the case first referred to was decided. It is section 41, ch. 125, R. S. (2 Tay. Stats., 1447, § 45). It reads as follows: "The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplementary complaint, answer, or reply, alleging facts material to the case, occurring after the former complaint, demurrer or reply, or of which the party was ignorant when his former pleading was made." It was held, in the case above cited, that facts "occurring after the former complaint" could not be introduced by amendment, nor made part of the case by a supplemental complaint, where such facts were essential to the cause of action, and where all the facts stated in the original complaint, assuming them all to be true, would not entitle the plaintiff to any relief. In short, it was held that the statute did not allow the plaintiff to set up new facts occurring after the commencement of his action, where it was evident that without the aid of such new facts no cause of action was stated, and none could be proved on the trial. The supreme court of Iowa have given a more liberal construction to a similar statute; but the foregoing decision and others in New York seem to us to establish the more sound and cor-

rect interpretation.  *The City of Davenport v. Mitchell*, 15 Iowa, 194 ; *Seevers v. Hamilton*, 11 id., 66.

Construing these statutes together, as all acts *in pari materia* should be, we must regard the question presented precisely the same as if the relation of the parties to the action were reversed, and the defendants had brought suit against the plaintiff on the lease, alleging breaches of the covenants by him before suit commenced, and should then seek by supplementary complaint to charge other breaches occurring afterwards, and claim to recover damages on account thereof.   Or the question may be looked upon the same as if the plaintiff in this suit should in like manner attempt to set up further breaches of the covenant to pay rent, by showing the non-payment of installments which had fallen due since the action was instituted, and should ask payment therefor.   In neither case, it seems to us, could such a proceeding be maintained ; and if not, then we think the counterclaim attempted to be set up by the defendants equally objectionable.   Both obviously ought to be governed by the same rule, and the rights of the parties in this respect should be reciprocal.   We see nothing in the statute concerning counterclaims, nor in the provision last referred to, which indicates an intention on the part of the legislature to depart from the familiar common law principle, that a cause of action, whether sued upon by a plaintiff or pleaded in off-set by a defendant, must be one existing and upon which a right of recovery had accrued when the action was commenced.   On the contrary, the very limitation, which was industriously inserted in the second subdivision of the section defining a counterclaim, tends very strongly to show that such was not the legislative intent ; and, if a like limitation was not inserted in the first subdivision, as we find it not to have been, the reason undoubtedly was that the interpretation was regarded as sufficiently clear and certain without, in view of the well settled principles of the common law which must be applied to it.

Nor can we look to the doctrine of equitable set-offs, as it existed in cases in chancery before the code, and continues to exist since, for assistance in the interpretation of the statute. This is an action at law, and the counter-claim interposed, or proposed to be, a strictly legal one. The case must, therefore, be governed by legal principles, for it is to matters at law the statute is now being applied. If the motion was for leave to interpose an equitable counter-claim, arising out of the contract or transaction set forth in the complaint since the commencement of the action, then perhaps a different question would be presented. It might then possibly be, that the rules of practice or mode of proceeding should be the same as govern a court in equity, notwithstanding the demand against which the counter-claim is interposed is a legal one, and the action one at law. Counsel has cited us to no case where such a counter-claim has been allowed by way of supplemental answer; and the former practice in equity, we know, was for the defendant to bring his cross-bill. And the old equity practice as to when a complainant could file a supplemental bill charging new facts occurring after the original bill was filed, is also well known. The new facts must have been such as went to support and strengthen the allegations of the original bill, and could not be such as amounted to the statement of a new and distinct cause of action. The office of the supplemental complaint was to bring upon the record new facts of the former kind; but if the original complaint was wholly defective, and without equity, the plaintiff could not, by filing a supplemental complaint founded on matters which had taken place subsequent to the commencement of the suit, sustain the proceedings originally commenced. *Noonan v. Orton*, 21 Wis., 289, and cases cited; *Candler v. Pettit*, 1 Paige, 168; *Patten v. Stewart* 24 Ind., 333, 343; *Milner v. Milner*, 2 Edw. Ch., 114. See also *Penman v. Slocum*, 41 N. Y., 53. But, be supplemental complaints and set-offs in equity as they may, we need not trouble ourselves about them here, and have only been led into this train of re-

marks by the argument of the learned counsel in his endeavor to show that the whole doctrine of set-off as maintained in equity was intended to be established by the statute as applicable to all cases. We are clearly of the opinion that such could not have been the intention.

*By the Court.*—Order affirmed.