TOWN OF STINNETT, Appellant, vs. NOGGLE, Respondent.

*February 20—March 12, 1912.*

*Towns: Treasurer: Default in turning over funds to successor: Right of action: Demand: Pleading: Sufficiency: Counterclaim: When must exist at commencement of action.*

1. Under subd. 6, sec. 836, Stats. (1898), and sec. 819, Stats. (Laws of 1907, ch. 55), a town treasurer is not in default, and the town board has no right to bring an action against him, by reason of his not turning over funds of the town to his successor, until after a demand has been made therefor.

2. In an action by a town against its former treasurer a complaint alleging that defendant had unlawfully retained and converted to his own use moneys belonging to the town and had refused to turn over the same to plaintiff, is *held* sufficient to show that there had been a demand.

3. An allegation in such complaint that defendant had acted as treasurer until a certain date, "when his successor was appointed and qualified, and one T. was the said person so appointed," is *held* sufficiently to allege that a successor to defendant as treasurer had been appointed and had qualified.

4. In an action by a town against its former treasurer for moneys alleged to be withheld by him, a counterclaim to the effect that defendant had paid out on behalf of the town a sum in excess of the total amount received by him, states a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim and is connected with the subject of the action, within subd. 1, sec. 2656, Stats. (1898).

5. Whether the cause of action pleaded as a counterclaim under subd. 1, sec. 2656, Stats. (1898), must have existed at the time of the commencement of the action, not determined. *Orton v. Noonan,* 29 Wis. 541, questioned.

6. Where at the time of the commencement of an action by a town against a former town treasurer the plaintiff was in fact indebted to the defendant, such indebtedness, if in other respects pleadable as a counterclaim under subd. 1, sec. 2656, Stats. (1898), may be so pleaded notwithstanding the provision of sec. 824 that no action can be maintained upon such a claim until after it has been laid before the town board of audit, etc., if in fact that condition precedent be fulfilled before the expiration of the time within which defendant is required to plead.

APPEAL from an order of the circuit court for Washburn county: FRANK A. ROSS, Circuit Judge.  *Reversed.*

This action is brought by the plaintiff to recover $593.81 from the defendant.  The complaint, among other things, alleged that at the municipal election held in said town in April, 1907, the defendant was duly elected and thereafter duly qualified as town treasurer of the plaintiff town and entered upon the duties of his office; that at the municipal election held in said town in April, 1908, said defendant was elected for the period of one year, but that he failed to qualify by giving the required bond, although he continued to act as treasurer until about the 12th day of December, 1908, when his successor was appointed and qualified, and that one Robert Trulson was the person so appointed to act as treasurer from and after the said 12th day of December; that the defendant while acting as treasurer received into his hands moneys belonging to the different school districts, for county taxes, school taxes, current expenses, highway taxes, saloon licenses, and other moneys, all belonging to said town, in the sum of $9,687.69; that defendant while acting as treasurer disbursed in behalf of said town the sum of $9,093.88, and no more; that defendant "did then and there wrongfully and unlawfully retain in his possession and convert to his own use, and without any right or authority so to do, keep and maintain of the moneys belonging to the said plaintiff, which he has ever since refused to turn over to said plaintiff, the sum of $593.81, and the said *George W. Noggle* has ever since the 12th day of December, A. D. 1908, so unlawfully retained and converted to his own use and withheld of the moneys belonging to said town, the said sum of $593.81."

To the foregoing complaint the defendant answered and thereafter served an amended answer.  In each of these pleadings the defendant attempted to set up a counterclaim. The counterclaim set forth in the amended answer alleged that various sums of money had come into his hands as town

treasurer; that said sums were deposited in the First National Bank of Hayward, as directed by the town board of supervisors of said town, together with his collection fees; that during his incumbency the plaintiff town borrowed a large sum of money from the First National Bank of Hayward for the use of said town, to be deposited to the credit of defendant as town treasurer, but as to the amount of such loan or the amount placed to his credit defendant has no knowledge; that defendant paid out during the time he was so acting as town treasurer, upon orders of the chairman countersigned by the town clerk, and to school treasurers legally entitled thereto, a sum of money in excess of the amount so received and so deposited, including his fees for the collection of said moneys upon the tax roll, as treasurer, in the sum of $476.56, which sum defendant pleads as a counterclaim to plaintiff's complaint herein. The counterclaim further alleged that on the 4th day of April, 1911, defendant duly filed his claim for said sum with the town clerk, to be audited and allowed, and that the town board neglected and refused to audit the same and the same was presented to the electors of said town at the annual meeting on the 4th day of April, 1911, for allowance, and the electors of said town disallowed said claim, and that more than ten days have elapsed since the last annual town meeting and that said claim has not been paid or allowed or any part thereof, and that there is now due to defendant from said town the sum of $476.56. The action was commenced on February 23, 1911, and the original answer was served on March 16, 1911, and the amended answer was served on April 20, 1911. A demurrer was sustained to the counterclaim contained in the first answer. The plaintiff again demurred to the counterclaim set forth in the amended answer. The circuit court held that the complaint did not state facts sufficient to constitute a cause of action and sustained the demurrer as a demurrer to the complaint. From an order entered accordingly the plaintiff appeals.

For the appellant there was a brief by *J. C. Davis,* attorney, and *Sanborn, Lamoreux & Pray,* of counsel, and oral argument by *Mr. Davis.*

*L. H. Mead,* for the respondent.

Barnes, J. ' By subd. 6, sec. 836, Stats. (1898), it is provided that "It shall be the duty of the town treasurer . . . to deliver, on demand, to his successor in office, . . . all moneys in his hands as such treasurer."

By sec. 819, Stats. (1898), as amended by ch. 55, Laws of 1907, town boards "are . . . authorized to make demand for payment to the town treasurer for any damages, penalties, forfeitures or moneys due hereunder to the town; for breaches of official bonds to the damage of the town, . . . and in case of failure to comply with said demand they may bring suit to recover said . . . moneys due the town hereunder without further notice or demand whatsoever."

It is admitted that if the complaint failed to state a cause of action the demurrer to the counterclaim was properly sustained as a demurrer to the complaint. It has been held that as to actions which town boards are authorized to bring under sec. 819, Stats., no vote of the electors is necessary to authorize the commencement thereof under subd. 2, sec. 776,. Stats. *Fox Lake v. Fox .Lake,* 62 Wis. 486, 22 N. W. 584. And it is not claimed by the respondent that any vote of the electors was necessary. Respondent does claim, however,. that the complaint is defective in that it fails to allege that a demand was made upon the defendant before suit was brought, and further, because it fails to allege that defendant's successor was duly qualified and therefore entitled to. recover the money.

The action is for conversion, and' there is nothing alleged to show that defendant was wrongfully in possession of the town funds until his successor was ·appointed and had qualified. Under the statutes referred to there was no default on.

defendant's part until his successor demanded that the moneys be paid over, and no right on the part of the town board to institute an action until a demand had been made.

The complaint does not allege in specific terms that a demand was made, but we think it does so in substance and effect. Pleadings must be liberally construed. The complaint alleges that defendant unlawfully converted the money. The demurrer admits this allegation to be true, but it can only be true because a demand was in fact made, as that was one of the essential things to make a conversion. Again, the complaint alleges that the defendant refused to pay over the money sued for. This plainly implies that he had been requested to do so, because ordinarily a refusal follows a request or demand. So, while we cannot commend the pleading as a model one, we think it was broad enough to advise defendant that a demand had been made upon him and broad enough to permit evidence to be offered to that effect.

There is much less merit in the claim that the complaint does not allege that a successor to the defendant as treasurer had been appointed and had qualified. The allegation is that defendant continued to act as treasurer until December 12, 1908, "when his successor was appointed and qualified, and one Robert Trulson was the said person so appointed." It would be hypercritical to say that this averment did not advise the defendant that Trulson had been appointed to the office and had qualified himself to discharge his duties.

The sufficiency of the defendant's counterclaim has not been passed upon by the trial court, but we deem it proper to decide it inasmuch as the question has been argued. Both sides expressed great confidence in their ability to win on the facts as soon as the law of the case was settled, and are apparently anxious to go to trial on the merits. In any event, it would not be good administration of justice to invite another appeal to determine the sufficiency of the counterclaim.

Counsel for appellant contend that the defendant's alleged

cause of action did not exist until after the claim had been presented to the town board for audit and allowance and the same was laid before the electors at the annual town meeting and was disallowed, as provided by sec. 824, Stats. (1898). The claim was not disallowed by the electors until April 4, 1911. Counsel further claim that the alleged counterclaim falls within the provisions of subd. 2 of sec. 2656, Stats. (1898), and that under that subdivision only a cause of action which existed at the time of the commencement of the action, to wit, February 23, 1911, could be pleaded as a counterclaim. It is obvious that the counterclaim falls under subd. 1 of sec. 2656 instead of subd. 2. The cause of action arises out of the transaction set forth in the complaint as the foundation of plaintiff's claim and is connected with the subject of the action. As to subd. 2, the statute expressly provides that the cause of action pleaded as a counterclaim must exist at the commencement of the action. There is no such statutory requirement as to counterclaims arising under subd. 1. This court, however, held in *Orton v. Noonan,* 29 Wis. 541, that only a cause of action which existed when suit was begun could be pleaded as a counterclaim under subd. 1, because it did not clearly appear that the legislature intended to change the common-law rule in this regard. Perhaps the court in deciding this case paid too little heed to the spirit of the Code and showed too much attachment to common-law rules of procedure, and that the rule in *Orton v. Noonan* might well be abrogated. It would seem that, where the legislature has said that as to one class of causes of action they must exist when suit is commenced to be pleadable as counterclaims, and makes no such requirement as to another class, there was a reasonably plain intention to differentiate between the two. However this may be, the decision in *Orton v. Noonan* should not be extended to cases that do not fall within its limitations. There, the counterclaim interposed

was for rents which fell due after the action was begun and no part of the indebtedness had accrued at that time. Here, the alleged indebtedness existed at the time the action was begun, and the right of action was complete, except that the statute required, as a condition precedent to the commencement of a suit to enforce the existing right, that the claim must be laid before the town board for audit and allowance. Inasmuch as the indebtedness did exist when plaintiff began its action, and the condition precedent had been fulfilled within the time that defendant was required to plead, we hold that the objection raised is not tenable. While it is not the function of the courts to sweep away statutory barriers, it is their function to so construe statutes, when reasonably possible, as to require parties to try their cases on the merits and to restrict them to a minimum amount of tactical maneuvering which usually results in unnecessary delay and expense. The issues arising on the complaint in the present case necessitate an accounting to determine how much money belonging to the plaintiff came into the hands of the defendant and how much money the defendant disbursed in paying the lawful obligations of the town. When the balance is struck it will tell whether defendant owes the town or *vice versa.* If defendant has mistakenly paid out some of his own money to take care of orders drawn upon him as treasurer, common honesty and fair dealing would require that he be reimbursed, and it would be an expensive and nonsensical ceremony to require him to resort to another action to get what is found to be his due.

It follows that the order appealed from must be reversed, and the cause remanded with directions to overrule the demurrer interposed to the counterclaim. Neither party is allowed costs, except that the appellant is required to pay the clerk's fees in this court.

*By the Court.*—It is so ordered.

The following opinion was filed March 16, 1912:

MARSHALL, J. (*concurring*).    There is little, if any, doubt here, I apprehend but that *Orton v. Noonan,* 29 Wis. 541, was wrongly decided in respect to the matter now referred to in the opinion of the court.    If the result reached in this instance required it, entire re-establishment of subd. 1, sec. 2656, of the Code according to the legislative intent I apprehend would occur.    The court has gone in that direction as far as actual necessities required.    In harmony with manifest desire to restore the Code so far and as rapidly, as practicable, where it was impaired by judicial hostility or want of appreciation of its purpose, and to welcome legislative assistance to that end wherever needed, this occasion for progress in that line should not go unimproved to any extent. No rule of property is involved,—nothing but one of practice formulated in misconception of written law.    That is error such as this and all courts customarily exercise much liberty to correct.