SATTLER, Appellant, vs. NIEDERKORN, Respondent.

*May 11—June 21, 1926.*

*Contribution: Agreement between drivers of automobiles as to damages to passenger: Settlement out of court: Pleading: Counterclaim: Action not accrued when principal transaction occurred.*

1. An agreement between the drivers of automobiles involved in a collision that if defendant should settle the claims of passengers riding in plaintiff's car for $8,000 and should recover a judgment for contribution from plaintiff the amount recoverable should be $4,000, is *held* to authorize defendant to settle with the passengers without a judicial determination of his liability and without being termed a volunteer. p. 466.
2. Such an agreement was properly pleaded as a counterclaim under sub. (1) (a), sec. 263.14, Stats., where the payment had been made, though it was not made until about eight months after the collision. [*Orton v. Noonan,* 29 Wis. 541, and *Noonan v. Orton,* 30 Wis. 356, so far as they conflict with the rule laid down in this case, are overruled.] p. 467.
3. A cause of action for contribution is not ripe until payment has been made. p. 467.

APPEAL from an order of the circuit court for Ozaukee county: CHESTER A. FOWLER, Judge. *Affirmed.*

Action begun July 26, 1924, to recover damages to plaintiff's automobile sustained in a collision with defendant's car on June 21, 1924. Defendant denied negligence and counterclaimed for damages to his car. The verdict upon the first trial was set aside because perverse and a new trial granted. Defendant on the retrial, by a second amended counterclaim, alleged in substance that parties by the name of Green had been passengers in plaintiff's car at the time of the collision and that they had started an action against

the defendant for negligence at the time of the collision June 21, 1924, and that on February 16, 1925, plaintiff and defendant entered into this agreement:

"Whereas, Marjorie Green and Harry Green, her husband, have commenced actions in the United States district court for the Eastern district of Wisconsin against *W. J. Niederkorn* as defendant, alleging that the injuries to Marjorie Green, and for which she and her husband Harry Green are suing, were due to the negligence of *W. J. Niederkorn;* and

"Whereas, *W. J. Niederkorn* claims that in the event he be held liable to Marjorie Green or Harry Green, or either of them, that he will have an action over for reimbursement or contribution against *J. B. Sattler,* which liability is denied by the said *J. B. Sattler:*

"Now, therefore, it is agreed by and between the parties hereto that in event *W. J. Niederkorn* negotiates a settlement of said actions pending against him in the United States district court for the Eastern district of Wisconsin by paying to Marjorie Green and Harry Green the total sum of $8,000 in full settlement of the said actions brought by said Marjorie Green and Harry Green, and further in event that said *W. J. Niederkorn,* his heirs, representatives, or assigns, shall recover a judgment for contribution ·or reimbursement against the said *J. B. Sattler,* his heirs, representatives, or assigns, in any court, the amount of damages in said judgment .against said *J. B. Sattler,* his heirs, representatives, or assigns, is to be fixed at the sum of $4,000 without interest."

The counterclaim further alleged that on February 28, 1925, a settlement was effected between the Greens and the defendant by the payment of $8,000 and a release obtained releasing both the plaintiff and the defendant from further liability to the Greens growing out of the collision, and demanded judgment for $4,000 against the plaintiff.

The plaintiff demurred to the second counterclaim on the ground that it failed to state a cause of action and that it was not pleadable as a counterclaim. The demurrer was overruled and the plaintiff appealed.

Sattler v. Niederkorn, 190 Wis. 464.

For the appellant there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Howard A. Hartman,* all of Milwaukee.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe* and *Mr. Wickham.*

VINJE, C. J. The objection that the counterclaim does not state a cause of action is based upon the fact that defendant voluntarily settled with the Greens without a judicial determination of his liability and that the agreement entered into between the parties does not justify the payment by the defendant except as a volunteer. We cannot so construe the agreement. If it was so understood by the plaintiff at the time it was entered into, namely, that its execution and settlement under it by the defendant would relieve plaintiff from liability, then it was but a ruse employed to saddle all the liability to the Greens upon the defendant. It should not be so construed unless there is no other reasonable construction possible. We think both parties realized that a settlement with the Greens for $8,000 was desirable and that in event plaintiff was held jointly liable the amount due from him was to be $4,000. So construed the agreement means something and has a rational basis for its existence. Construed as plaintiff now claims, it would be entirely meaningless except as a release from all liability on the part of the plaintiff. Cases holding that a voluntary payment by one jointly guilty of negligence bars contribution are not applicable to this case because of the agreement entered into.

If the counterclaim is pleadable as such it is because it satisfied the conditions of sub. (1) (a) of sec. 263.14, Stats. It confessedly does not come under sub. (1) (b) or (c). Sub. (1) (a) provides: "A cause of action aris-

ing out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." The transaction set forth in plaintiff's complaint is the collision that occurred between plaintiff's automobile and defendant's automobile June 21, 1924, and the alleged conduct of the driver of each automobile. The liability of the one to the other for contribution, if any, grows out of the same collision and conduct plus the fact of payment by one of more than his share. The cause of action for contribution is not ripe till payment has been made. *Bakula v. Schwab,* 167 Wis. 546, 557, 168 N. W. 378. In this case payment was not made till about eight months after the collision. But it has been held that where the pleaded counterclaim grows out of the transaction that is relied upon in the complaint as the cause of action, the fact that the counterclaim does not ripen into a cause of action until after the occurrence of the transaction set out in the complaint does not destroy its pleadability as a counterclaim provided it has ripened into a cause of action before it is pleaded. *Stinnett v. Noggle,* 148 Wis. 603, 135 N. W. 167. In the case at bar it had so ripened by the payment of February 28, 1925, and it follows that the demurrer to the counterclaim was properly overruled. It is true that a distinction may be made between a case, as in *Stinnett v. Noggle,* where the indebtedness did in fact exist at the time of the commencement of the action, but it was not a complete cause of action because it had not then been laid before the town board of audit, and in a case such as here, where payment by defendant was necessary to complete his cause of action. But in each case a demurrer would lie were it not alleged that the claim had been laid before the town board of audit or that payment had been made. We are inclined to extend the principle announced in the *Stinnett Case* and hold that where the conditions of sub. (1) (a) of sec. 263.14 are met, the

counterclaim is not demurrable where at the time of pleading it the cause of action therein stated is complete. This rule will enable parties to settle their controversies in one action and at the same time prevent the securing by purchase or otherwise of doubtful claims after the action has been begun and setting them up as counterclaims. In so far as *Orton v. Noonan,* 29 Wis. 541, or *Noonan v. Orton,* 30 Wis. 356, conflict with the rule here laid down they are overruled.

*By the Court.*—Order affirmed.