KEALTY, Respondent, vs. SPONHOLZ, Appellant.

*October 10—November 5, 1929.*

For the appellant there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *Glenn R. Dougherty,* of counsel, all of Milwaukee, and oral argument by *Mr. Dougherty.*

For the respondent there was a brief by *Brennan, Lucas & McDonough* of Milwaukee, and oral argument by *Martin J. Brennan* and *Gerald L. McDonough.*

CROWNHART, J.   The appellant contends that the negligence of the girl, found by the jury, must necessarily have proximately contributed to her injury.

The deceased girl was a passenger on a south-bound street car on Sixty-eighth street, in the village of Wauwatosa. She got off the rear westerly door of the car as it stopped at the north side of Terrace street, and passed behind the car and ran diagonally in a northeasterly direction across Sixty-eighth street, toward Hillside Lane. The appellant, at the time, was driving a Model T Ford northerly on Sixty-eighth, and passed the street car on the easterly side. He turned his car somewhat to the east and struck the child near the curb at the south side of Hillside Lane. When struck, the girl fell back on the bumper and was carried 100 feet further on before the car was brought to a stop. When taken from the car the child was dead, sitting upright on the bumper.

Before the child was struck the auto had skidded sixty feet, as shown by the tire skid marks on the cement, and, as stated,

the car had turned easterly from its course and· struck the child near the curb.

From the physical facts we must conclude that appellant was going at an excessive rate of speed in passing a standing street car, which was the proximate cause of the injury to the child, as found by the jury.

A graver question is presented by the verdict of the jury, to the effect that the child did not exercise due· care but that such failure was not a proximate cause of the accident. The defendant was driving close to the street-car line— within six feet of it. Naturally, the child would not see the defendant, who must have been quite a long distance south of the street car at the time the little girl passed behind the car. She would have been nearly in front of the appellant's car before she saw it, if she had been looking in that direction. Such being the case, she cannot be held guilty of negligence contributing to her injury as a matter of law, if she thought she could safely go on ahead of the car. Evidently the jury concluded that when she came from behind the street car she had a right to proceed across the street, because the automobile was such a distance south of her as to allow her to pass safely across his line of travel. If the appellant had been driving at a reasonable rate of speed, it appears she would have had time to have passed safely in front of him. As it was, she passed safely over his line of travel and would not have been struck if appellant had not turned in the direction in which she was going. Under the circumstances, we think the question of proximate cause presented a jury question, and the verdict should not be disturbed.

With reference to the negligence of the plaintiff as well as the defendant, the court submitted questions asking whether the negligence was a "responsible" cause of the injury. This is assigned as error, because it is said that the proper inquiry

should have been whether such negligence was a "proximate" cause of the injury. In its instructions to the jury, however, the court defined "responsible" cause in accordance with the oft-approved definition of "proximate" cause. In view of the fact that the term "responsible" cause was defined to mean the same thing as "proximate" cause, the situation presented does not differ in principle from the question approved in *Hamus v. Weber,* 199 Wis. 320, 226 N. W. 392, where the court inquired simply whether the negligence was a "cause" of the injury, defining "cause" in its instructions to mean the same as "proximate" cause. While we do not approve of the use of the term "responsible" cause, we think its use did not constitute prejudicial error in view of the instructions. We realize that the use of such original terms comes of a commendable effort on the part of trial judges to improve upon the method of submitting the question concerning "proximate" cause, which was discussed in *Berrafato v. Exner,* 194 Wis. 149, 216 N. W. 165. However, that case, as well as the *Hamus Case,* approves of two different methods of submitting the question, each of which it is believed is an improvement of the former method, and we doubt if further attempts at originality will add greater clarity to the situation than is sanctioned by those two decisions. We suggest that trial courts choose between the two methods there approved in submitting the question of "proximate" cause.

*By the Court.*—The judgment of the circuit court is affirmed.