ZUTTER, by guardian *ad litem,* Respondent, vs. O'CONNELL, imp., Appellant.

*January 8—February 4, 1930.*

602

For the appellant there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, attorneys, and *D. J. Regan* of Milwaukee, of counsel, and oral argument by *Mr. Regan* and *Mr. Harold E. Stafford.*

For the respondent there was a brief by *Bundy, Beach & Holland* of Eau Claire, and oral argument by *E. B. Bundy.*

OWEN, J.   It appears that on the 25th day of August, 1928, the defendant Thomas O'Connell was driving a truck south on Main street in the city of Chippewa Falls and turned left on Vine street, which intersects Main street, for the purpose of proceeding east on Vine street.   At the same time Phillip Zutter was driving a Chevrolet coupé north

on Main street, in which his son Donald Zutter was riding. A collision occurred, as a result of which the plaintiff sustained personal injuries. He brought action against Paul O'Connell, the only surviving partner conducting the plumbing business of O'Connell Brothers in the city of Chippewa Falls under the firm name and style of O'Connell Brothers, the owner of the truck, and Thomas O'Connell, the driver of the truck. The defendant Phillip Zutter, father of the plaintiff Donald Zutter, was impleaded upon motion of Thomas O'Connell, who filed a cross-complaint against the said Phillip Zutter for contribution.

The jury found that the defendant Thomas O'Connell was negligent in driving in front of the Zutter car, and that the defendant Phillip Zutter was negligent in that he was driving at an excessive speed. Judgment was rendered against Thomas O'Connell in favor of the plaintiff. The action was dismissed as to the defendant Paul O'Connell, the sole surviving member of the firm of O'Connell Brothers, and the cross-complaint of Thomas O'Connell against Phillip Zutter was also dismissed. Thomas O'Connell appealed from the judgment so rendered against him, and now urges that there is no evidence to support the verdict of the jury that he was negligent in driving in front of the approaching Zutter car as he turned left on Vine street. The jury negatived the contention of the plaintiff that Thomas O'Connell was driving at an excessive speed or that he cut the corner as he made the turn on Vine street. His only act of negligence found by the jury was that of driving in front of the approaching Zutter car. It will be noticed that he was driving south on Main street intending to turn left on Vine street. His rights in that situation are defined by sec. 85.01 (4), Stats., as follows:

"The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle

within such intersection and turning therein to the left across the line of travel of such first mentioned vehicle; provided, the driver of the vehicle turning left has given a plainly visible signal of intention to turn as aforesaid."

O'Connell testified that he put out his hand to the side when he was 200 feet north of Vine street and held it out until he was near the north line of Vine street. Zutter, however, testified that he saw no signal from O'Connell, and another witness testified that O'Connell did not put out his hand. In submitting the question of O'Connell's negligence the court charged the jury as follows:

"If he was meeting the plaintiff, it was his duty to drive in such a manner as not to turn his car suddenly in front of him without warning, and at such a time when the plaintiff was about to drive in a position where the turning by the defendant O'Connell would probably cause a collision. Where was the Zutter car at the time? Was it so far south, or was he so far south of the intersection, and apparently coming at such a speed, that O'Connell, in the exercise of common, ordinary care, had a right to believe that he had plenty of time to pass in safety, or was the Zutter car in the intersection, or about to enter the intersection, and did O'Connell carelessly, or negligently, drive in front of it and attempt to go through there on Vine street before the Zutter car had an opportunity of passing? A great deal depends in answering that question on the positions of the two cars, their relative positions, the speed at which they were driving, and the conditions that existed at the time."

Then in submitting the question of Zutter's negligence the court charged the jury as follows:

"Now what I said about excessive speed before, also applies to excessive speed under this question. The circumstances as to each driver were somewhat different. One was traveling on highway 53, intending to travel straight on that highway, without making a turn. The other was intending to make a left-hand turn. That makes a somewhat different condition. It is a circumstance. Then you will consider what position the cars were in at the time that O'Connell first indicated an intention to make a left-hand

turn. Even if Mr. Zutter had the right of way, even if he was first in the intersection, and even if O'Connell was negligent in driving in front of him, it was still the duty of Zutter to exercise reasonable care to avoid a collision. Because one driver is careless, or violates the law, does not justify another driver in being careless, or in permitting a collision, if by the exercise of ordinary care he can prevent it. So you will consider the circumstances, and the opportunity, if any, which Mr. Zutter had to stop his car, or slacken up his speed so as to prevent a collision, if he had any such opportunity. Possession of the right of way does not justify the possessor in plunging ahead, careless of consequences, nor of failure to exercise ordinary care to avoid injury to others or to himself. If a driver of a car, by the exercise of an ordinary degree of care, should have discovered that there was danger of a collision at a time when he could stop his car and avoid it, that was his duty, although he had the right of way."

The instructions of the court above quoted adequately and correctly submitted to the jury the rule by which they were to test the respective acts of negligence of the defendants O'Connell and Zutter. True, the statute provides that O'Connell had the right of way provided he gave an efficient warning of his intention to turn. But whether he did so was a jury question under the evidence.. According to his own testimony he did not continue holding out his hand after he entered the intersection. According to the defendant Phillip Zutter he did not see him hold out his hand, and according to the testimony of a disinterested witness he did not hold out his hand at all. In this state of the evidence it was clearly a question for the jury to determine whether he gave the warning required by the statute to entitle him to the right of way over the Zutter car in making the left-hand turn on Vine street. Furthermore, even though he had the right of way he might nevertheless be guilty of negligence in insisting upon it under the circumstances. Even though one has the right of way, one is not justified in recklessly plunging ahead under all circumstances. *Glatz v. Kroeger*

*Bros. Co.* 168 Wis. 635, 170 N. W. 934. The verdict of the jury is supported by the evidence in so far as it finds the defendant O'Connell negligent in driving in front of the approaching Zutter car.

In charging the jury the court said:

"The statutes of the state contain certain provisions which it was the duty of automobile drivers to obey, and if both drivers had obeyed those statutes no collision or accident could have occurred. The very fact that there was an accident under those circumstances proves, beyond any doubt, that either one driver, or both drivers, had violated the law."

Appellant complains of this portion of the charge because it narrowed the negligence of each party to a violation of statutory duties, eliminated from the jury a consideration of negligence involving a want of care not prescribed by the statutes as well as the possibility of unavoidable accident, and ignored the existence of any causal relationship between the violation and the collision. It must be conceded, generally speaking, that, as an abstract proposition, the instruction was sweeping in its extent and a little daring in character. The statement that there can be no accident at an intersection unless one or both drivers violate the law will not bear analysis. It certainly is not correct unless the law covers every species of negligence which may result in a collision. We should hesitate to say that our statute is so all-inclusive. But however that may be, the defendant O'Connell was not prejudiced by the statement, in view of the full and satisfactory instructions hereinbefore quoted, and later given to the jury in submitting the particular questions relating to the respective negligence of O'Connell and Zutter. In fact, the attack of the appellant is little more than a challenge of the correctness of the instruction as an abstract proposition. No attempt is made to show that the defendant O'Connell was prejudiced thereby.

While no point is made of it by appellant, we note that

the verdict was so framed as to inquire whether the negligence found to exist was a "responsible cause" of the collision. Although the term "responsible cause" was defined to be the same as "proximate cause," the use of this expression by the same trial judge was disapproved in *Kealty v. Sponholz, ante,* p. 80, 227 N. W. 247. We again take occasion to say that there is nothing to be gained by the use of this or any other novel expression unless it promotes an understanding of the term "proximate cause." When the term substituted in lieu of "proximate cause" is defined to be the same as "proximate cause," it is difficult to see how its use tends to greater clarity.

The appellant assigns as error the dismissal of his cross-complaint against Phillip Zutter for contribution. Phillip Zutter is the father of Donald Zutter, and under the doctrine of *Wick v. Wick,* 192 Wis. 260, 212 N. W. 787, there could be no recovery against him by his son. Although the verdict established the fact that the accident was the result of the concurring negligence of both Thomas O'Connell and Phillip Zutter, the right of contribution does not spring from concurring negligence. A common liability is the first essential for contribution. Where one of the co-obligors has discharged more than his fair, equitable share of the common liability, a right of action arises in his favor against the other co-obligors. *Sattler v. Niederkorn,* 190 Wis. 464, 209 N. W. 607. In the absence of a common liability there can be no contribution. Although the negligence of Phillip Zutter concurred to produce the injuries suffered by Donald Zutter, his son, it gave rise to no liability on the part of Phillip Zutter. Thomas O'Connell, therefore, if and when he paid the judgment, discharged no part of Phillip Zutter's liability, which must be the basis of a right to contribution from Phillip Zutter. His cross-complaint was properly dismissed.

*By the Court.*—Judgment affirmed.