LASECKI, Guardian *ad litem,* and others, Respondents, vs. KABARA and others, Defendants: FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant.

*September 11—October 8, 1940.*

646

For the appellant there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein, Jr.*

For the respondents there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter.*

NELSON, J. The plaintiffs' complaint is inartistically drawn in that the several causes of action against the several defendants are all run together without apparent attempt separately to state them. However, giving to the allegations of the complaint a liberal construction, as we are required to do on demurrer, it appears that the plaintiffs attempted to state several causes of action grounded upon a collision between an automobile owned and driven by Leonard Lasecki, the father of the plaintiffs, and an auto-

mobile owned by the father of Anton Kabara, and driven by the latter with the knowledge and consent of his father:

(1) Causes of action against Anton Kabara and the Home Mutual Casualty Company, the insurer of the Kabara automobile, grounded upon the negligence of Anton Kabara, which it is alleged caused the several injuries to Clarence, Leonard, Rose Mary, Alice, Annette, and Metody Lasecki, all of whom were riding in their father's automobile at the time of the collision.

(2) A cause of action in favor of the children of Leonard Lasecki just hereinbefore named and two others,— Alfred and Lucille Lasecki, who were not involved in the collision, against Anton Kabara and the Home Mutual Casualty Company, insurer of the Kabara automobile, grounded upon the wrongful death of their mother, Anna Lasecki, who was instantly killed in the collision and whose death, it was alleged, was negligently caused by Anton Kabara.

(3) Causes of action against the Farmers Mutual Automobile Insurance Company, insurer of the Lasecki automobile, by Clarence, Leonard, Rose Mary, Alice, Annette, and Metody Lasecki, grounded upon the alleged negligence of their father, Leonard Lasecki, deceased, which it is alleged, caused the collision and their injuries.

(4) A cause of action against the Farmers Mutual Automobile Insurance Company by all of the children of Leonard and Anna Lasecki, grounded upon the wrongful death of Anna Lasecki, their mother, which, it is alleged, was caused by the negligence of Leonard Lasecki, deceased.

According to the allegations of the complaint, both Leonard, the father, and Anna, the mother, were instantly killed as a result of the collision.

The sole questions for determination are: (1) Does the complaint state causes of action against the Insurance Company based upon the alleged negligence of Leonard Lasecki,

the father of the six children who, at the time of the collision were riding as his guests in his automobile? (2) Does the complaint state a cause of action in favor of all of the children based upon the wrongful death of their mother, Anna Lasecki, whose death, it is alleged, was caused by the negligence of Leonard Lasecki, her husband, and the father of said children? The trial court did not specifically pass upon the following grounds of demurrer: "(b) that several causes of action have been improperly united," and "(c) that there is a defect of parties defendant, in that the administrator of the estate of Leonard Lasecki [deceased] is not named a party defendant in this action." The defendant, Insurance Company, in its brief, does not refer to those grounds of demurrer so we may properly ignore them.

The Insurance Company contends that the demurrers to the causes of action asserted against it by the six injured children, based upon the alleged causal negligence of their father, should have been sustained on the authority of *Wick v. Wick,* 192 Wis. 260, 212 N. W. 787, and *Segall v. Ohio Casualty Co.* 224 Wis. 379, 272 N. W. 665. It was held in those cases that an unemancipated minor may not recover from his parent for the latter's negligence. The rule stated in *Wick v. Wick, supra,* has been assailed at times by members of the bar who represented unemancipated minors, seeking to recover for their parent's alleged negligence in cases where the parent was insured.

The universal rule in this country is in accord with *Wick v. Wick, supra; Small v. Morrison,* 185 N. C. 577, 118 S. E. 12, 31 A. L. R. 1135; annotations in 31 A. L. R. 1157; 71 A. L. R. 1071; and 122 A. L. R. 1352.

The plaintiffs concede that the rule of *Wick v. Wick, supra,* is. the universal rule but contend that it is not applicable to the facts alleged in this action. The question therefore arises: Is the rule of the *Wick Case* applicable to the facts alleged here? There is a dearth of authority

on the question whether an unemancipated minor, who in the lifetime of his parent had no cause of action against his parent, may in case of the parent's death, file a claim against his estate based on the negligence of the parent, or bring an action against the administrator of his parent's estate grounded upon the parent's negligence. It is earnestly contended by the plaintiffs that since it appears from the allegations of the complaint that both parents are deceased the reasons advanced for the holding in the *Wick Case* do not exist, and therefore the rule does not apply. The fact that there is no case which has passed upon the precise question would seem strongly to indicate that such recoveries have probably not been attempted.

It is, to say the least, shocking to our concept of justice that an unemancipated child who has no cause of action against his living parent, may, if the parent die, and contingent upon such event, have a cause of action against his parent's estate or his administrator. While no question of parental authority can actually be involved, no question concerning the family as a complete social unit can exist, no question of disobedience to the parent can be present, if both parents are dead, and while perhaps no great discord among the surviving children will result in case there is insurance, we are of the opinion that the rule of the *Wick Case, supra,* should be applied to such a situation, and that the rule of that case should not be limited to a situation where the parent is living. To deny an unemancipated child the right to sue his living parent for the latter's negligence and to grant him the right to maintain such an action against the parent's estate or his administrator, in case the parent dies, should not, in our opinion, be permitted, in the absence of a statute authorizing such an action. Practically all of the courts of this country hold that the fact that the parent is insured, does not give rise to a cause of action based on the parent's negligence where no cause of action exists

against the parent if not insured. *Luster v. Luster* (1938), 299 Mass. 480, 13 N. E. (2d) 438, and cases cited therein; *Lund v. Olson,* 183 Minn. 515, 237 N. W. 188; *Norfolk S. R. Co. v. Grelakis,* 162 Va. 597, 174 S. E. 841; *Bulloch v. Bulloch,* 45 Ga. App. 1, 163 S. E. 708; *Rambo v. Rambo,* 195 Ark. 832, 114 S. W. (2d) 468; *Owens v. Auto Mut. Indemnity Co.* 235 Ala. 9, 177 So. 133.

Recovery for injuries sustained as a result of the negligence of an operator of an automobile may, under certain circumstances, be had in an action brought against the insurance company alone but a cause of action against the insured must exist. See *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87, and cases hereinafter cited.

We therefore conclude that the rule of the *Wick Case, supra,* should be applied to situations such as is alleged in the complaint. To hold that an unemancipated minor may not recover from its parent, if living, for the latter's negligence, but may do so if the parent die, would open wide the door and permit unemancipated minors to file claims of all kinds, sounding in tort, against the estates of their parents or to bring actions based thereon against the administrators of their parent's estates. We have such grave doubts as to the wisdom of such a policy that we consider that we, as a court, should not declare it. We consider that such a far-reaching step, so at variance with the common law, should not be taken by this court. "Questions of public policy are primarily for the legislature." *Wait v. Pierce,* 191 Wis. 202, 210, 209 N. W. 475, 210 N. W. 822. If the legislature deems it wise to give to unemancipated minors causes of action against their living parents or their estates, grounded upon the torts or negligence of their parents, it may do so.

In actions against administrators of deceased parents, where there is no insurance, serious controversies between, and ill feeling among, other surviving children, would probably result. Such actions, if permitted, might take from a

surviving widow and other infant children, the very essentials of their support. As was said in *Roller v. Roller,* 37 Wash. 242, 245, 79 Pac. 788:

"The public has an interest in the financial welfare of other minor members of the family, and it would not be the policy of the law to allow the estate, which is to be looked to for the support of all the minor children, to be appropriated by any particular one."

The defendant, Insurance Company, further contends that the children of Leonard and Anna Lasecki have no cause of action against it based upon the wrongful death of their mother, Anna Lasecki. Assuming, (1) that Anna Lasecki was a guest in her husband's automobile, and (2) that in operating his automobile he was causally negligent as to her as a guest, it is clear that had she survived, she would, under the established law, have had a cause of action against him. *Wait v. Pierce, supra; Moore v. Moore,* 191 Wis. 232, 209 N. W. 483; *Archer v. General Casualty Co.* 219 Wis. 100, 261 N. W. 9, 262 N. W. 257.

Had she survived her deceased husband she could have brought an action against her deceased husband's insurance company alone without making his administrator a party. *Elliott v. Indemnity Ins. Co., supra; Suschnick v. Underwriters Casualty Co.* 211 Wis. 474, 248 N. W. 477; *Oertel v. Fidelity & Casualty Co.* 214 Wis. 68, 251 N. W. 465; *State ex rel. Jackson v. Leicht,* 231 Wis. 178, 285 N. W. 335.

The cause of action which she would have had against her husband, had she survived, upon her death went to her children since there was no surviving husband. Secs. 331.03, 331.031, and 331.04, Stats. A suit brought by the guardian *ad litem* for the children instead of by the personal representative of their deceased mother, was therefore permissible. Sec. 331.04, Stats. The cause of action which the children

have for the wrongful death of their mother was derived from her and by virtue of the statute lodged in them. We see no escape from the conclusion that the complaint states a cause of action against the defendant Insurance Company, based upon the wrongful-death statutes, and therefore, in our opinion, the trial court was right in overruling the demurrer to that cause of action.

*By the Court.*—So much of the order as overruled the demurrer to the causes of action based upon the negligence of the deceased father of the unemancipated minors, is reversed. So much of the order as overruled the demurrer to the cause of action based upon the wrongful death of their mother, is affirmed. The cause is remanded with directions to sustain the demurrer to the causes of action based upon the alleged negligence of Leonard Lasecki, the father.