FIDELITY SAVINGS BANK, Administrator, Plaintiff, vs. AULIK and another, Defendants and Appellants: RODOWCA and another, Impleaded Defendants and Respondents.

*April 13—May 25, 1948.*

The cause was submitted for the appellants on the brief of *E. P. Gorman* of Wausau, and *Gustav Winter* of Antigo, and for the respondents on the brief of *O'Melia & Kaye* of Rhinelander.

BARLOW, J. January 11, 1947, about 8 p. m. John Rodowca and his wife, Anna Rodowca, were passengers in an automobile driven by their son, John S. Rodowca, an unemancipated minor, on United States Highway 45 in Langlade county, Wisconsin, when it collided with an automobile drivén by Frank Aulik. As a result of the collision the parents were fatally injured. John Rodowca, the father, was the owner of the automobile driven by his son, and carried insurance with the State Farm Mutual Automobile Insurance Company.

The question presented for decision is whether the estate of a deceased father can maintain an action for damages against an unemancipated minor son living in his household where it is alleged death was caused by the negligence of the son in the operation of his father's automobile while the father was a passenger. We reach this question because the son and the insurance carrier of the father were impleaded by defendants, who seek contribution.

Appellants argue that since the decision in the case of *Wick v. Wick* (1927), 192 Wis. 260, 212 N. W. 787, the trend of decisions of this court and legislative actions has been to allow actions of this character to be maintained by one person in a family against another; that the early decisions were based upon the doctrine that such actions would disturb family relationships and therefore were against public policy, but social conditions, and particularly the multitude of automobile accidents, have caused a change in the view of courts and society toward the question of public policy. To sustain their position they cite *Beilke v. Knaack* (1932), 207 Wis. 490, 242

N. W. 176; where the plaintiff, a boy about nine years of age at the time of the accident and a passenger in an automobile driven by his brother, who at the time of the accident was a little past twenty-one years of age, was allowed to recover damages from his brother. They also urge that the case of *Munsert v. Farmers Mut. Automobile Ins. Co.* (1939) 229 Wis. 581, 281 N. W. 671, sustains their position, where a special administrator of the estate of John Malueg, a minor six years old, was permitted to recover damages to the estate resulting from the death of the minor in an automobile collision where the automobile was being driven by the seventeen-year-old unemancipated brother of the deceased child and the automobile was owned by the minor's father who was insured under an indemnity liability policy. It is claimed the *Munsert Case, supra,* holds squarely that a parent may sue an unemancipated minor son living in the same family with the parent because the parent was the beneficiary of the damages awarded to the estate of the deceased. In the *Munsert Case* the mother was permitted to recover one half of the damages, but the father was denied recovery from the insurance carrier by reason of the terms of the policy. This case and *Potter v. Potter* (1937), 224 Wis. 251, 272 N. W. 34, were decided under the death-by-wrongful-act-statute, sec. 331.03, which permits recovery against the person who would have been liable to the injured person if death had not ensued.

While this court has never determined the question here presented, it has decided that an unemancipated minor living in the home of his father may not sue his father for his father's tort. *Wick v. Wick, supra.* This rule has been adhered to at all times since that decision: *Zutter v. O'Connell* (1930), 200 Wis. 601, 229 N. W. 74; *Beilke v. Knaack, supra; Segall v. Ohio Casualty Co.* (1937) 224 Wis. 379, 272 N. W. 665; *Lasecki v. Kabara* (1940), 235 Wis. 645, 294 N. W. 33. This rule is universally followed. See 31 A. L. R. 1157; 71 A. L. R. 1071; 72 A. L. R. 449.

The *Wick Case* was carefully reviewed in the case of *Lasecki v. Kabara, supra,* wherein this court refused to permit an unemancipated child to recover from the estate of a deceased parent for damages caused by the latter's negligence, in the absence of a statute authorizing such an action. It was said:

"We have such grave doubts as to the wisdom of such a policy that we consider that we, as a court, should not declare it. We consider that such a far-reaching step, so at variance with the common law, should not be taken by this court. 'Questions of public policy are primarily for the legislature.' *Wait v. Pierce,* 191 Wis. 202, 210, 209 N. W. 475, 210 N. W. 822."

If the unemancipated minor cannot sue a parent for the latter's negligence, it reasonably follows that the parent should not be permitted to sue the minor. In 39 Am. Jur., Parent and Child, p. 738, sec. 92, after stating the general rule with reference to suit of a minor against the parent for the latter's negligence, it is said:

"Upon the same theory as that on which a child is held not entitled to sue its parent for a personal tort, it is likewise held that such a suit cannot be maintained by the parent against the child." See also *Schneider v. Schneider,* 160 Md. 18, 152 Atl. 498, 72 A. L. R. 449.

Whether the family relationship would be strained by permitting actions of this type in view of possible coverage by insurance is in our opinion a question of public policy and not to be determined by this court. It is a question for the legislature. Members of the legislature have had an opportunity to observe the relaxation of the rule over a period of years. While the recent legislature saw fit to authorize the husband to sue his wife for like damages, ch. 164, Laws of 1947, it did not see fit to include the right of action by an unemancipated minor son against a parent, or a parent against a minor son. We conclude the judgment should be affirmed.

*By the Court.*—Judgment affirmed.