Strafford,
No. 4525.

DEBORAH WORRALL *by her mother and next friend & a.*

*v.*

HAROLD D. MORAN, *Adm'r.*

Argued February 5, 1957.

Decided April 30, 1957.

*Charles F. Hartnett* and *Maurice J. Murphy, Jr.* (*Mr. Hartnett* orally), for the plaintiffs.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

BLANDIN, J. The issue presented is whether tort actions can be maintained in behalf of the two unemancipated minor children against the administrator of their father's estate. In the recent case of *Levesque* v. *Levesque,* 99 N. H. 147, we considered the question whether an unemancipated minor could sue his father and decided in accordance with the weight of authority that such an action was not maintainable. *Id.,* 148, and authorities cited. In this connection it should also be noted that we stated that the "payment of money by the parent to the child" was by no means the sole determinant of the public policy against such suits. *Id.,* 149. At the same time we said that "if however the almost general existence of liability insurance has so materially changed the circumstances which militated against such suits that a change in the public policy now prevailing in this state should be made we think that is a matter for the Legislature to determine rather than being within the province of this court." *Id.,* 149.

The whole problem was placed before the Legislature at the next session in 1955 when House Bill No. 236 was introduced which would have given an unemancipated minor in a suit against a parent for negligence "the same rights to recover therefor, by action in the name of a guardian *ad litem, as third persons would have for like injury."* (Emphasis supplied). This bill was defeated on the floor of the House. 1955 House Journal 703, 704.

Another bill, No. 188, was also introduced into committee which would have permitted suits by unemancipated minors against a parent who had liability insurance, and recovery up to the limits of the policy. This was presumably modeled to a degree after RSA 412:3 which permits suits which otherwise would be barred against the state or governmental subdivisions (*Cushman* v. *Grafton*, 97 N. H. 32) in cases where liability insurance is in force, and allows recovery up to the policy limits. The committee reported on House Bill No. 188 "inexpedient to legislate" and the report was accepted. 1955 House Journal 304, 305.

The plaintiffs argue that since the father is dead, disruption of family relations by a suit against him disappears and therefore an action should be maintainable. In the light of what we said in the *Levesque* case and the full opportunity afforded the Legislature to change the law, this argument seems to fly in the face of the legislative intent as indicated by their refusal to pass either of the bills proposed or to take any other action permitting suits by a child against a parent or his representative.

Furthermore, other jurisdictions have advanced additional reasons which militate against the plaintiffs' position. In *Lasecki* v. *Kabara*, 235 Wis. 645, a case on all fours with the present, the court in denying recovery in a suit by an unemancipated minor against the representative of the parent's estate said: "To hold that an unemancipated minor may not recover from its parent, if living, for the latter's negligence, but may do so if the parent die, would open wide the door and permit unemancipated minors to file claims of all kinds, sounding in tort, against the estates of their parents or to bring actions based thereon against the administrators of their parents' estates. We have such grave doubts as to the wisdom of such a policy that we consider that we, as a court, should not declare it . . . . If the Legislature deems it wise to give to unemancipated minors causes of action against their living parents or their estates, grounded upon the torts or negligence of their parents, it may do so." *Id.*, 651. The opinion further noted that where there was no insurance such claims against the parent's estate would cause serious ill-feeling among the survivors and might take from the widow or other surviving children "the very essentials of their support." *Id.*, 652. With reference to the insurance factor it should be observed that even authority cited by the plaintiffs which would support recovery admits that to do so in the absence of statute merely because there is insurance

"would violate both logic and the provisions of the insurance contract." McCurdy, Torts between Persons in Domestic Relations, 43 Harv. L. Rev. 1030, 1074; see also, *Shaker* v. *Shaker*, 129 Conn. 518; anno. 19 A. L. R. (2d) 423, 435.

It appears the Court acted properly in dismissing the suits, and there being no other exceptions the order is

*Judgment for the defendant in both actions.*

WHEELER, J., took no part in the decision; DUNCAN, J., dissented; the others concurred.

DUNCAN, J., *dissenting*: I dissented from the opinion of the court in *Levesque* v. *Levesque*, 99 N. H. 147, for reasons there summarized. In the brief period since elapsed, I have seen no reason to change my views, although I am bound to recognize that they did not become the law of that case. "The considerations that governed me two years ago . . . have not lost their force by reason of the authority that time gives to a single decision." *Frankfurter*, J., *dissenting* in *Radovich* v. *National Football League*, (U. S.), 77 S. Ct. 390, 396.

I respectfully dissent in these cases, not so much because of my views regarding the *Levesque* case, but because I think that it should not control this decision. It is a familiar rule, which finds expression in our own cases (see *Standish* v. *Moldawan*, 93 N. H. 204), that "when the policy behind a rule no longer exists, the rule should disappear." *Kaczorowski* v. *Kalkosinski*, 321 Pa. 438, 444. As I understand *Levesque* v. *Levesque*, *supra*, an unemancipated minor is held disabled from maintaining an action against his father for negligence because there is thought to be an overriding public policy in this jurisdiction that parental authority and family unity should not thus be disrupted. To the cases now before the court that policy cannot apply; and hence the principle of that case should not be relied upon.

The suit on behalf of the surviving minor Deborah is brought by her mother, against the administrator of her father's estate. The parental relationship of daughter and father has ended. The personal disability under which Deborah was placed by the *Levesque* case came to an end with the father's death, and his personal immunity did not extend beyond his lifetime. *Dana* v. *Smith*, 126 F. Supp. 497; *Kaczorowski* v. *Kalkosinski*, *supra*. See *Morse* v. *Trentini*, 100 N. H. 153, 155. The principle is recognized

and applied by the birthplace of the policy adopted by the *Levesque* case. *Deposit Guar. Co.* v. *Nelson,* 212 Miss. 335, 347. There can be no threat to parental authority in the action brought for the minor, because it is brought by the mother, in whom parental authority now resides. If there is any threat to family unity, it will arise from denial of such compensation as will make the child whole again. See Prosser on Torts (2nd *ed.*) *s.* 101, *p.* 676. The defendant administrator is indemnified by insurance which presumably protects him from liability to pay damages "to others" including the minor child of the named insured. RSA 268:1 VII. The public policy relied upon in *Levesque* has no relation to the action brought for Deborah Worrall, and the plaintiff should be permitted to maintain it.

In the second action, brought by the mother to recover for the wrongful death of the minor child Lynn, there is even less justification for relying upon the doctrine of the *Levesque* case. The action seeks damages which by statute belong to the mother alone. RSA 556:14; 561:1; *Burke* v. *Burnham,* 97 N. H. 203, 208. See Restatement, Conflict of Laws, *s.* 393; *Ghilain* v. *Couture,* 84 N. H. 48. An action for negligence by a married woman against her husband is maintainable in this jurisdiction. *Lumbermens Cas. Co.* v. *Blake,* 94 N. H. 141, 145, and cases cited; *Priddle* v. *Insurance Co.,* 100 N. H. 73. Certainly she can be under no incapacity to maintain such an action against her husband's estate. No more can she be under a disability in acting as administratrix of her daughter's estate, where the action is for her own benefit individually. I see no justification for applying the *Levesque* doctrine to such a case.

The negative action taken by the Legislature and by one of its committees since the decision of the *Levesque* case should not be regarded of particular significance in the decision of these cases. Now that the breach in the protection furnished by the Financial Responsibility Act (RSA ch. 268, *supra*) is further widened, a greater challenge may be offered to the Legislature. If not, the public must depend upon the insurers themselves to provide a coverage for parents who wish to protect their children against the consequences of their negligence, just as such protection has recently been offered against injury through the negligence of other uninsured operators.

In my opinion the exception of the plaintiff should be sustained in each case.