SCHWENKHOFF, by Guardian *ad litem,* Appellant, v. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Respondents.*

*December 2, 1958—January 2, 1959.*

* Motion for rehearing denied, with $25 costs, on March 3, 1959.

For the appellant there was a brief and oral argument by *Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo.

For the respondents there was a brief by *Langer & Cross* of Baraboo, joined in by *James R. Seering,* district attorney of Sauk county, and oral argument by *Mr. Clyde C. Cross* and *Mr. Seering.*

BROADFOOT, J.   In *Wick v. Wick* (1927), 192 Wis. 260, 212 N. W. 787, this court determined that an unemancipated minor cannot maintain an action in tort against its parent for personal injury sustained in an automobile accident due to the negligence of the parent. That rule has been consistently followed in this state since that time.

Appellant contends (1) that the rule in the *Wick Case* merely forbids litigation between the child and its parent; (2) that the father, by obtaining insurance against liability for negligence, has transferred liability to the Insurance Company and the statutes and insurance policy permit a direct action against the insurer without joining the parent; and (3) that by sec. 9, art. I, Const., every person is entitled to

a certain remedy in the law for all injuries or wrongs which he may receive in his person.

The subject has received the attention of this court in later cases, among which are *Zutter v. O'Connell,* 200 Wis. 601, 229 N. W. 74; *Segall v. Ohio Casualty Co.* 224 Wis. 379, 272 N. W. 665; and *Lasecki v. Kabara,* 235 Wis. 645, 294 N. W. 33.

In *Fidelity Savings Bank v. Aulik,* 252 Wis. 602, 32 N. W. (2d) 613, the reverse of the rule was considered. In that case the father was a passenger in a car operated by his unemancipated minor son. In that case no action was permitted on behalf of the estate of the parent against the minor son or his insurance company.

The appellant claims that the rule in the *Wick Case* was relaxed in *Le Sage v. Le Sage,* 224 Wis. 57, 271 N. W. 369. In that case the plaintiff was injured as a result of the negligence of her father in the operation of an automobile. The automobile was owned by one Dolly Le Sage, a sister of C. F. Le Sage, who was the father of the plaintiff. The automobile was driven at the express direction and for the direct benefit of Dolly Le Sage and recovery was permitted against her and her insurer under the doctrine of *respondeat superior.* The appellant contends that this was a modification of the rule in the *Wick Case.* However, in the *Segall Case, supra,* which was decided in the same year and is reported in the same volume, the rule in the *Wick Case* was reaffirmed. The same attorney appeared for the plaintiff in the *Le Sage Case* and in the *Segall Case,* and the same attorneys represented the defendants in both of said actions.

All of the arguments advanced by the appellant have been considered by this court in other cases involving actions by or on behalf of unemancipated minors against a parent. A careful reading of the decisions in the cases cited above will show that there has been no relaxation or modification of the rule pronounced in the *Wick Case.* In some of the deci-

sions attention is called to the fact that the *Wick* decision was based upon public policy; that matters of public policy are to be resolved by the legislature, and the attention of the legislature was directed to the matter in those decisions. The legislature as late as 1957 failed to enact a bill designed to change the rule. That was an expression by the legislature that no change should be made in the rule.

So far as the appellant is concerned, she had no cause of action against the insurer of her father's automobile. Since she only had a cause of action against Sauk county it was improper to join her action with the cause of action brought by the mother which involved an additional defendant, Farmers Mutual Automobile Insurance Company. Vada Schwenkhoff did not appeal. The action of the trial court in dismissing the complaint as to Lonette with leave to plead over was proper.

*By the Court.*—Order affirmed.

FAIRCHILD, J. (*concurring*). This case poses a problem which needs a better solution than we find is in the province of the court. Perhaps it would be no more disruptive of the family relationship to destroy the father's immunity from an action for personal injuries brought by his child than it has been to destroy the husband's immunity from similar action by his wife. Perhaps, because the problem more frequently arises in connection with injuries caused by the operation of automobiles, it would be better simply to require that the automobile liability insurer of a parent be directly liable to an injured child, notwithstanding the parent's immunity by reason of his parenthood. I agree, however, with the majority of the court that in this situation the choice of solutions should be made by the legislature.