Dieterich, J.
 

 This action comes before us a second time.
 
 Schwenkhoff v. Farmers Mut. Automobile Ins. Co.
 
 (1959), 6 Wis. (2d) 44, 93 N. W. (2d) 867. In that case Mr. Justice Broadfoot stated:
 

 (p. 45.) “In
 
 Wick v. Wick
 
 (1927), 192 Wis. 260, 212. N. W. 787, this court determined that an unemancipated minor cannot maintain an action in tort against its parent for personal injury sustained in an automobile accident due to the negligence of the parent. That rule has been consistently followed in this state since that time.”
 

 (p. 46.) “A careful reading of the decisions in the cases cited above will show that there has been no relaxation or modification of the rule pronounced in the
 
 Wick Case.
 
 In some of the decisions attention is called to the fact that the
 
 Wick
 
 decision was based upon public policy; that matters of public policy are to be resolved by the legislature, and the attention of the legislature was directed to the matter in those decisions. The legislature as late as 1957 failed to enact a bill designed to change the rule.”
 

 
 *102
 
 The 1958-1959 legislature has likewise failed to enact a bill designed to change the rule. This constitutes an expression by the legislature that no change should be made in the rule.
 

 The so-called new allegations contained in the amended complaint recite constitutional provisions which the minor child claims give her a right to maintain a cause of action against her father’s automobile insurance company as well as Sauk county. These issues were considered by this court in its decision of January 2, 1959, when it affirmed the order of the trial court dismissing the complaint as to the minor, Lonette Schwenkhoff, with leave to plead over.
 

 The trial court in its order and judgment dismissed both plaintiffs’ causes of action against the defendants Farmers Mutual Automobile Insurance Company and Sauk county.
 

 The plaintiff, Vada Schwenkhoff, has an action against the Farmers Mutual Automobile Insurance Company and S'auk county, and Lonette Schwenkhoff, the minor, has an action against Sauk county. It is our opinion that justice to the parties plaintiff requires the exercise of our discretionary power to reverse that part of the judgment dismissing the complaint of Vada Schwenkhoff against the defendants Farmers Mutual Automobile Insurance Company and Sauk county, a municipality, and the action of Lonette Schwenkhoff, by her guardian
 
 ad litem
 
 Vaughn S. Conway, against Sauk county, a Wisconsin municipality, defendant, and reinstate the three alternatives contained in the trial court’s order dated October 28, 1959, plaintiffs to exercise such option within thirty days from the date of the remittitur.
 

 By the Court.
 
 — The judgment in so far as it dismisses the complaint of Lonette Schwenkhoff, by her guardian
 
 ad litem,
 
 against the Farmers Mutual Automobile Insurance Company is affirmed. In all other respects the judgment
 
 *103
 
 is reversed, and the trial court is directed to reinstate the three alternatives of its order dated October 28, 1959, plaintiffs to exercise such option within thirty days from the date of the remittitur.
 

 Hallows, J., took no part.
 

 Currie, J.
 

 (concurring). The appellants’ brief points out that, while our opinion in the first appeal stated that the contention had been raised that sec. 9, art. I, Wisconsin constitution, which provides that every person is entitled to a certain remedy in the laws for all injuries or wrongs that he may receive in his person, governed the plaintiff minor’s right to recover, nevertheless such opinion failed to pass on such issue. Again, although the same contention is vigorously advanced on this second appeal, the opinion of the court fails to advance any reason why such contention is not a meritorious one.
 

 The opinion on the first appeal, after making note of the contentions advanced, stated (6 Wis. (2d) 44, 46, 93 N. W. (2d) 867) :
 

 “The subject has received the attention of this court in later cases, among which are
 
 Zutter v. O’Connell,
 
 200 Wis. 601, 229 N. W. 74;
 
 Segall v. Ohio Casualty Co.
 
 224 Wis. 379, 272 N. W. 665; and
 
 Lasecki v. Kabara,
 
 235 Wis. 645, 294 N. W. 33.”
 

 None of the three above-cited cases makes any mention of sec. 9, art. I, Const. However, Mr. Justice Crownhart grounded his dissent in
 
 Wick v. Wick
 
 (1927), 192 Wis. 260, 263, 212 N. W. 787, upon this constitutional provision, but the majority opinion makes no mention of the same. The only reason that comes to mind for such omission in the majority opinion is that the dissent may have been filed after the majority opinion had already been handed down.
 

 
 *104
 
 While the majority of this court- apparently has never directly stated why sec. 9, art. I, Const., does not confer a cause of action upon a minor child to recover for injuries caused by the tort of a parent, there are a number of past decisions of this court which do deal with this constitutional provision, and lay down the principle which governs the instant appeal.
 

 In the recent case of
 
 Firemen’s Ins. Co. v. Washburn County
 
 (1957), 2 Wis. (2d) 214, 85 N. W. (2d) 840, the argument was advanced that this same constitutional provision abolished the common-law immunity of all governmental units from liability for negligence. After citing and considering the earlier Wisconsin cases bearing on the application of sec. 9, art. I, Const., we concluded that such provision must be construed in the light of the common law as it stood at the time of the adoption of the constitution in 1848. It was held that the framers of the constitution in drafting sec. 9, art. I, had no thought in mind of thereby abolishing an immunity from suit that then existed. While in
 
 Firemen’s Ins. Co. v. Washburn County, supra,
 
 we were dealing with the tort immunity of governmental units, the same reasoning is equally applicable to the immunity from suit for negligence of a parent for injuries caused his child. See also
 
 McCoy v. Kenosha County
 
 (1928), 195 Wis. 273, 218 N. W. 348, 57 A. L. R. 412.
 

 We note that the legislature at its 1959 session refused to enact a statute abolishing the immunity of a parent to respond in damages to a child injured through the wrongful act of the parent. Bill 250, A., was introduced in the assembly, and Bill 89, S., was introduced in the senate, to accomplish such result. Each was accorded the fate of indefinite postponement by the house in which it originated. This further definite expression of legislative action is controlling upon this court in a policy matter of this kind. As we pointed out in
 
 *105
 

 Scholberg v. Itnyre
 
 (1953), 264 Wis. 211, 58 N. W. (2d) 698, the creation of new causes of action in behalf of children presents a question of policy which properly lies within the province of the legislature and not this court.
 

 I am authorized to state that Mr. Justice Brown joins in this concurring opinion.