ERTL (Hilda), Appellant, v. ERTL (Joyce), by Guardian *ad litem,* and another, Respondents.

*February 2—April 12, 1966.*

For the appellant there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the respondents there was a brief and oral argument by *Arno J. Miller* of Portage.

FAIRCHILD, J.    This is a tort action by a parent against an unemancipated minor child. Defendants rely upon the immunity of the child from such action, recognized by this court in *Fidelity Savings Bank v. Aulik,*[1] a decision which had not been overruled at the date of the accident involved in this case. Plaintiff mother argues that we should now overrule *Aulik,* abrogate this immunity, and apply the new rule at least to the instant case. Defendants contend that the issue has, in effect, already been decided in *Goller v. White;*[2] that the immunity here involved has been abrogated, but only as to causes of action arising on or after June 28, 1963.

In *Goller* a minor child brought a tort action against one who allegedly stood *in loco parentis.* We abrogated (with certain exceptions not material here) the immunity of a parent in a child vs. parent tort action, but made the change prospective only, except for the *Goller Case* itself. As to all other cases, the change was "limited to causes of action arising on or after June 28, 1963."[3] We did not refer, in *Goller,* to the immunity of a child in a parent vs. child action. In a later decision, involving an accident occurring prior to June 28, 1963, we observed that the issue had not been raised or determined whether, in view of *Goller* "a parent can now maintain

[1] (1948), 252 Wis. 602, 32 N. W. (2d) 613.

[2] (1963), 20 Wis. (2d) 402, 122 N. W. (2d) 193.

[3] *Goller v. White, supra,* footnote 2, page 415.

an action against an unemancipated minor in Wisconsin for a tort committed prior to the decision in that case." [4]

This court recognized the immunity of the parent in a child vs. parent tort action in *Wick v. Wick*.[5] It is plain that the policy ground for that decision was the supposed tendency of such actions to disrupt family harmony. "To permit a child to maintain an action in tort against the parent is to introduce discord and contention where the laws of nature have established peace and obedience." [6]

In 1948, in *Aulik*, this court made it clear that it considered the child's immunity in a parent vs. child tort action as a corollary of the parent's immunity in a child vs. parent tort action. It was said: "If the unemancipated minor cannot sue a parent for the latter's negligence, it reasonably follows that the parent should not be permitted to sue the minor." [7] The court went on to quote a statement in American Jurisprudence, " 'Upon the same theory as that on which a child is held not entitled to sue its parent for a personal tort, it is likewise held that such a suit cannot be maintained by the parent against the child.' " [8]

In *Goller* we reviewed and rejected the family-discord policy ground for the immunity of the parent and decided to abrogate the immunity. The policy ground which is the foundation for both immunities having been rejected, and this court having so clearly, in *Aulik*, treated the child's immunity as a corollary of the parent's immunity, we conclude that the abrogation of the child's immunity necessarily flowed from *Goller*. Having decided that it was appropriate for abrogation of the parent's immunity to become generally effective on June 28, 1963, the day we decided *Goller*, we can perceive no reason why

[4] *Dombeck v. Chicago, M., St. P. & P. R. Co.* (1964), 24 Wis. (2d) 420, 436, footnote 2, 129 N. W. (2d) 185.

[5] (1927), 192 Wis. 260, 212 N. W. 787.

[6] *Wick v. Wick, supra,* footnote 5, page 262.

[7] *Fidelity Savings Bank v. Aulik, supra,* footnote 1, page 605.

[8] Id. page 605.

the abrogation of the child's immunity should have become effective at any earlier or later time. And although the court has not until now been presented with a case where we were called upon to pronounce the demise of the child's immunity, we consider the matter so clear that the present plaintiff is not justly entitled to exceptional treatment by way of reward for success in pointing out the injustice in an existing rule.

*By the Court.*—Judgment affirmed.