VANDE HEI (Frances), Plaintiff and Respondent, v. VANDE HEI (John W.), Defendant and Respondent: FARMERS MUTUAL INSURANCE COMPANY, Defendant and Appellant: PETERS and others, Defendants. [Case No. 134.] *

VANDE HEI (William), Respondent, v. VANDE HEI (Robert) and others, Appellants: PETERS and others, Defendants. [Case No. 135.] *

VANDE HEI (John W.), Respondent, v. PETERS and others, Defendants: FARMERS MUTUAL INSURANCE COMPANY, Appellant. [Case No. 211.] *

*Nos. 134, 135, 211. Argued September 3, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 379.)

* Motions for rehearing denied, with costs, on November 26, 1968.

58

For the appellants there were briefs by *Everson, Whitney, O'Melia, Everson & Brehm* of Green Bay, and oral argument by *John C. Whitney.*

For the respondents Frances Vande Hei and William Vande Hei there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan.*

For the respondent John W. Vande Hei there was a brief by *Morris, Vanden Heuvel & Hanaway* of West De Pere, and oral argument by *Donald J. Hanaway.*

CONNOR T. HANSEN, J. Five separate actions were commenced. They were consolidated for trial and trial was had to a jury.

We consider three actions involved in this appeal:

1. A wrongful death action by Frances Vande Hei naming as defendants, John Vande Hei, his insurer Farm-

ers Mutual Insurance Company, and David Peters and his insurer Maryland Casualty Company.

2. A wrongful death action by John Vande Hei against David Peters and Maryland Casualty Company, and a cross complaint in the Frances Vande Hei action in which John sought contribution from David Peters and his insurer in the event of joint liability.

3. An action for personal injuries by William Vande Hei in which Robert Vande Hei and Farmers Mutual Insurance Company and David Peters and Maryland Casualty Company were named as defendants.

Appellant Farmers Mutual Insurance Company perfected an appeal in the Frances Vande Hei action and the William Vande Hei action, but not in the John Vande Hei action, although the appropriate filing fee was paid after oral argument.

No party has challenged the jurisdiction of this court to hear all three appeals, and all parties have fully argued all questions raised.

In *Asen v. Jos. Schlitz Brewing Co.* (1960), 11 Wis. 2d 594, 106 N. W. 2d 269, we construed sec. 274.11 (4), Stats., to authorize this court to review an appealable order or portions thereof as to which no notice of appeal has been served, if the parties appear before us and argue the merits without noting any objection to our jurisdiction.

Furthermore, respondents' counsel by participating in the appeal and not moving to dismiss the appeal has waived any defective service of the notice of appeal. *See* sec. 269.51, Stats., *United States v. Klebe Tool & Die Co.* (1958), 5 Wis. 2d 392, 92 N. W. 2d 868; *Barnard v. Coates* (1965), 28 Wis. 2d 1, 135 N. W. 2d 809; *Richie v. Badger State Mut. Casualty Co.* (1963), 22 Wis. 2d 133, 125 N. W. 2d 381.

It is therefore determined that all three cases are before us on this appeal.

The issues presented on this appeal are complicated and perhaps can be summarized by stating that they relate to two general areas. The first is concerned with the theory of the litigation, pleading, the verdict, and the disposition of motions after verdict. The second is the matter of determination and assessment of damages.

## I.

At the time of the verdict John Vande Hei was not a party plaintiff in any action against Farmers Mutual.

After verdict several motions were made. The pleadings in one of the motions bear the caption of the Frances Vande Hei action and the John Vande Hei action. Both plaintiffs joined in the motion. The moving papers appear to have been drafted by counsel for plaintiff, Frances Vande Hei, and move the court as follows:

"*Plaintiff* John Vande Hei moves that *the* complaint be amended to state a cause of action against the defendant Farmers Mutual Insurance Company similar to that stated in the cause of action of Frances Vande Hei." (Emphasis added.)

The pleadings in another of the motions after verdict bear the caption of the Frances Vande Hei action, the John Vande Hei action, and an action in which Robert Vande Hei and John Vande Hei are named as plaintiffs and David Peters and Maryland Casualty Company are named as defendants. Frances Vande Hei and John Vande Hei also joined in this motion. These motion papers appear to have been drafted by counsel for John Vande Hei and move the court as follows:

"1. . . .

"2. Moves the court that the complaint of plaintiff, John Vande Hei, be amended to include in the cause of action against the defendant, Farmers Mutual Insurance Co., for wrongful death of Jeanne Vande Hei, a claim for recovery of funeral expenses incurred; and further moves

the court for judgment on the verdict as rendered pertaining to such funeral expenses, and loss of society and companionship and pecuniary loss."

Counsel for Farmers Mutual Insurance Company opposed the granting of the foregoing motions. However, the trial court granted the motion to amend and entered the following order:

"That as to the motions of John Vande Hei, that his motion to amend *his* complaint . . . is granted." (Emphasis added.)

Counsel for plaintiff, Frances Vande Hei, contend that the motion as granted was one to amend the complaint of Frances Vande Hei to include her husband John as a party plaintiff in her wrongful death action. The specific language of the trial judge in granting the motion leads us to conclude that the order amended John's complaint and not that of Frances.

Subsequent to the granting of this motion and consideration of other motions, the court entered judgment for plaintiff, Frances Vande Hei and *defendant,* John Vande Hei, to recover of the defendant Farmers Mutual for the wrongful death of Jeanne. In view of the fact that the trial court permitted *plaintiff* John Vande Hei to amend *his* complaint to state a cause of action against Farmers Mutual, we modify the judgment. Judgment should have been entered for plaintiff, Frances Vande Hei and *plaintiff* John Vande Hei.

Appellant Farmers Mutual contends that the allowance of these amendments was prejudicial error which amounted to permitting John Vande Hei to take judgment against his own insurer, a nonparty to the suit brought by John Vande Hei, on the basis of claims which John Vande Hei never made against Farmers Mutual. In essence appellant claims that since plaintiff John Vande Hei's original complaint was not directed at Farmers Mutual, counsel for appellant was "surprised" by the

amendment after verdict allowing Vande Hei to state a cause of action for wrongful death against Farmers Mutual because no opportunity was afforded them to meet such claims.

We determine that the trial court did not abuse its discretion in granting the after-verdict amendment to John's complaint.

It is clear that a trial judge has much discretion in granting amendments to pleadings. Sec. 269.44, Stats., states:

"The court may, at any stage of any action or special proceeding before or after judment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding . . . provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

There can be no question that John's after-verdict amendment states a cause of action arising out of the transaction or occurrence upon which the original pleading is based. All the actions consolidated at the trial arose out of one accident.

In *Wipfli v. Martin* (1967), 34 Wis. 2d 169, 148 N. W. 2d 674, we considered the matter of the discretion of the trial court in granting amendments to pleadings. We concluded at page 174:

". . . sec. 269.44, Stats., should be liberally construed to permit the amendment of the pleadings so as to present the entire controversy providing the amendment does not unfairly deprive the opposing party of timely opportunity to meet the issue created by the amendment."

It appears that Farmers Mutual was not surprised and would not be prejudiced by the amendment. We decided in *Truesdill v. Roach* (1960), 11 Wis. 2d 492, 105 N. W. 2d 871, that a wrongful death action, such as this, where

a husband and wife are beneficiaries, is a single cause of action and that a husband and wife are united in interest as to be necessary parties. In *Truesdill,* at 498, we further stated that an action for wrongful death cannot be commenced by a person to whom only part of the recovery belongs.[1] Since *Truesdill* holds that a husband and wife are necessary parties in an action for wrongful death of their child, the appellant could hardly be surprised by John's after-verdict amendment. At no time prior to motions after verdict did appellant object to a misjoinder of party plaintiffs.

In addition, the separate elements of damages to John in this single cause of action for wrongful death were introduced at the trial. During the trial witnesses testified not only as to the pecuniary losses and losses of society and companionship to Frances, but also as to the losses suffered by John. John also testified as to the amount of funeral expenses incurred due to the death of Jeanne. In short, all the elements of damages of both John and Frances were fully tried; and Farmers Mutual fully participated.

Furthermore, appellant never objected to the verdict question which asked "What sum of money will reasonably compensate the *plaintiffs, John Vande Hei and Frances Vande Hei, . . .* for *their*" loss of society and companionship and for *their* pecuniary loss. (Emphasis added.) Clearly the jury was asked to find the damages of both John and Frances. Such lack of objection to the verdict question and subsequent jury instructions reflects that Farmers Mutual was well aware that recovery by John Vande Hei was also sought for the wrongful death of Jeanne.

---

[1] Sec. 260.12, Stats., provides that parties to an action who are united in interest must be joined as plaintiffs or defendants, but if the consent of anyone who should be joined as a plaintiff cannot be obtained, he may be made a defendant and the reasons therefor stated in the complaint.

The granting of the after-verdict amendments did not unfairly deprive Farmers Mutual of timely opportunity to meet the issues created by the amendments. Such issues were part of a single cause of action which had already been introduced during the course of the trial at which time counsel for appellant was a full participant.

Admittedly the procedures followed by the parties and the trial court in this case do not recommend themselves as a precedent. However, in view of the entire record, and under the facts and particular circumstances of this case, we conclude that it was not an abuse of discretion for the trial court to permit John Vande Hei to amend his complaint after verdict.

The appellants also contend that John and Frances Vande Hei should be foreclosed from recovering for the wrongful death of their minor daughter arising out of the negligence of their minor son. The accident in this case occurred February 24, 1960. Their contention is based upon the prospective rulings of *Goller v. White* (1963), 20 Wis. 2d 402, 122 N. W. 2d 193 and *Ertl v. Ertl* (1966), 30 Wis. 2d 372, 141 N. W. 2d 208, which abrogated parental and child immunity only in causes of action arising after June 28, 1963. Wrongful death actions are governed by a special statute and under the provisions of the wrongful death statute parents may sue their minor child. Sec. 895.04, Stats. (formerly sec. 331.04). *Munsert v. Farmers Mut. Automobile Ins. Co.* (1939), 229 Wis. 581, 281 N. W. 671, 119 A. L. R. 1390; *Fidelity Savings Bank v. Aulik* (1948), 252 Wis. 602, 32 N. W. 2d 613.

## II.

*Damages—Wrongful death of Jeanne Vande Hei.*

The jury determined that $1,000 would reasonably compensate the plaintiffs John and Frances Vande Hei, the parents of Jeanne Vande Hei, for their pecuniary loss. Under the facts and circumstances of this particular case we have hereinbefore determined that the trial judge did

not err in permitting the amendment to John's complaint. It therefore follows that the full amount of the award for pecuniary loss is to both the father and the mother. *Huse v. Consolidated Freightways* (7th Cir. 1955), 227 Fed. 2d 425. It was also proper to allow the full award of damages to John Vande Hei for funeral and medical expenses for Jeanne in the amount of $978.

In motions after verdict, the plaintiffs John and Frances Vande Hei moved the court to raise the finding of damages awarded by the jury with respect to the pecuniary loss resulting from the death of Jeanne. The trial judge reviewed the record. He repeated some of the testimony of Frances Vande Hei concerning the relationship that existed between the parents and their daughter and increased the damage award from $1,000 to $2,000, and in lieu thereof granted the defendants Farmers Mutual Insurance Company and Robert Vande Hei the option for a new trial on the damage issue. The defendants did not exercise the option and judgment was entered. *Parchia v. Parchia* (1964), 24 Wis. 2d 659, 130 N. W. 2d 205.

To sustain an award for pecuniary loss suffered by a parent on account of the death of a minor child, there must be evidence to support an inference that the parent would have received pecuniary benefit if death had not occurred. *Costello v. Schult* (1953), 265 Wis. 243, 61 N. W. 2d 296; *McGonegle v. Wisconsin Gas & Electric Co.* (1922), 178 Wis. 594, 190 N. W. 471.

Jeanne was fourteen years old at the time of her death. She was in good health, an excellent student and the only girl in a family of five children. The evidence showed that she did most of the housework around the Vande Hei home. She also cared for her younger brothers. Her work enabled Mrs. Vande Hei to help do farmwork and chores on the farm. In addition, Jeanne baby-sat for neighbors and used the money for little extras for herself, such as clothes. As to her future plans, Jeanne had spoken of becoming a nun or a nurse.

Jeanne's work in the household enabled Mrs. Vande Hei to help with the farmwork. After Jeanne's death Mrs. Vande Hei found it necessary to restrict herself to household duties. On this record we find no abuse of discretion in the trial court's determination that $1,000 was an inadequate award for pecuniary loss, and that $2,000 would be a reasonable amount for such damages.

Also, we find it was not an abuse of discretion for the trial court to refuse to increase the award above $2,000. There was no showing that Jeanne's parents would receive any pecuniary benefit other than from the household work she performed, her baby-sitting with her younger brothers and her income from baby-sitting for neighbors.

### III.

*Damages—William Vande Hei.*

The appellants urge that the trial court abused its discretion in increasing the award of damages to William Vande Hei for personal injuries from $2,000 to $3,000, with the option for a new trial on damages in lieu thereof. The defendants did not exercise the option and judgment was entered for the plaintiff in the amount of $3,000, less 10 percent. The respondents urge that the trial court erred in not increasing the award to a larger amount.

In the accident William received a laceration on his face which resulted in a scar running from his eyebrow to his hairline. He works for the IBM Company in Chicago and meets as many as 25 to 50 different people daily. Occasionally he is asked questions about the scar. He was advised by a navy doctor not to have plastic surgery.

In addition to the scar, a piece of bone on the orbital ridge above his eye has been chipped and cannot be replaced. The chip is only noticeable by touch. William testified that after the accident he was troubled with severe headaches and that he has numbness in the area above the eye.

William also testified that his hand and knee were injured. The hand was in a cast or was wrapped. Both

the knee and the hand bothered him for a month or two after the accident.

From an examination of the record we find no abuse of discretion in the trial court's determination that $2,000 was an inadequate award for William's personal injuries, and that $3,000 would be a reasonable amount to award for such damages. Also, we find that it was not an abuse of discretion for the trial court to decline to increase the award to more than $3,000.

## IV.

*Damages—Medical expense and loss of services of William.*

The trial court also granted an after verdict motion of John Vande Hei to amend his complaint so as to state a cause of action against Farmers Mutual Insurance Company for medical expenses in the amount of $565 incurred by him in behalf of William and also for loss of farm services in the amount of $125 due to William's injuries.

Judgment was granted against the Farmers Mutual Insurance Company for these amounts, less 10 percent. The jury verdict contained no question as to John Vande Hei's damages for medical expenses of his son William.

We find this motion to amend to have been improperly granted. John Vande Hei had no cause of action against Farmers Mutual Insurance Company for the medical expenses incurred in behalf of William or for loss of farm services as a result of the negligence of John's minor son Robert. This accident occurred before June 28, 1963, the effective date of the abrogation of child and parental immunity in *Goller* and *Ertl, supra.* Therefore, there is no cause of action. These damages are not included in the statutory wrongful death action. Respondents cannot recover these items of damages and this portion of the judgment must be reversed.

*By the Court.*—Judgment reversed as to that portion thereof allowing damages for medical expenses and loss of services of William Vande Hei; judgment otherwise

modified in accordance with the opinion, to identify John Vande Hei as a plaintiff in his recovery against defendant Farmers Mutual Insurance Company for the wrongful death of Jeanne, and as modified, affirmed. No costs are to be taxed in this court.